[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE
The plaintiff contends that there is a question of fact as to whether the entity for whom the defendant performed volunteer services qualifies under the Volunteer Protection Act of 1997 as a nonprofit organization. See 42 U.S.C. § 14501 et seq. The plaintiff, relying on subparagraph (A) of 42 U.S.C. § 4505 (4), argues that there is a question as to the entity's qualifications as a tax exempt organization. The defendant, on the other hand, contends that the entity qualifies as a nonprofit organization under subparagraph (B) of § 4505 (4). Congress intended that this latter provision would include "organizations which may or may not have obtained certification as tax-exempt organizations under the Internal Revenue Code, but which are nevertheless conducted for public benefit and operated primarily for charitable, civic, educational, religious, welfare or health purposes." See House Report No. 105-101 (Part I), 1997 U.S.C.C.A.N. (111 Stat. 218) 163. While the plaintiff has not raised a genuine question of fact under subparagraph (B) with respect to the "public purposes" and "operated primarily" tests, the plaintiff has raised a real issue as to the status of the booster club.
There is a question as to whether the booster club is an entity that can be sued and held responsible under a vicarious liability theory for the acts or omissions of its volunteer members. The Volunteer Protection Act of 1997 immunizes volunteers from liability but does not abolish the liability of the organization for whom the volunteer performs services. As one commentator has noted, "undoubtedly, retaining institutional liability enhanced the appeal of this legislation." A.F. Popper, A One-Term Tort Reform Tale: Victimizing the Vulnerable, 35 Harv. J. on Legis., 123, 132 (1998). It is doubtful that Congress intended the unjust and anomalous result that would occur should the booster club be a nonprofit organization under § 14505 (4) (B) but not a legal entity that could be sued and held vicariously liable for the acts or omissions of its volunteers. Such would be the result if individual members of a group are granted immunity where they have merely associated themselves CT Page 12819 under a distinguishing name for a common purpose. At common law, an unincorporated association, society or club is not a legal entity, has no status distinct from the persons composing it, and cannot sue or be sued. 6 Am. Jur.2d, Associations and Clubs §§ 1 and 51 (1999). The plaintiff has raised a genuine issue as to whether the booster club exists as a legal entity or is merely a distinguishing name.
As an alternative ground for the motion for summary judgment, the defendant claims that he was an agent of the Board of Education and Joel Barlow High School and is therefore immune from suit under the doctrine of governmental immunity. There is a genuine issue of fact as to the agency relationship.
Based upon the foregoing, the court's prior decision is vacated. The motion for summary judgment is denied.
THIM, J. CT Page 12820